IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DUDLEY HOWARD HICKMAN | § | |
| v. | § | CIVIL ACTION NO. 6:14cv52 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Dudley Hickman, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hickman pleaded guilty to the offense of sexual assault of a child and was sentenced by a jury to 15 years in prison on December 4, 2006. His conviction was affirmed by the Twelfth Judicial District Court of Appeals on March 31, 2008. Hickman did not file a petition for discretionary review.

On September 11, 2012, some four and a half years later, Hickman filed a state habeas corpus petition. This petition was denied without written order on the findings of the trial court on November 13, 2013, and Hickman filed his federal habeas corpus petition on January 30, 2014.

Hickman states that he is presenting a "gateway claim" of actual innocence. The incident involved a party at which seven boys and two girls, all around the ages of 14 and 15, were present, along with Hickman and his nine-year-old nephew. Hickman offers affidavits from his nephew Aubrey and two of the boys who were present, Ken and Ryan, stating that these constitute "newly

discovered evidence" which establish his innocence. Hickman also argued that his attorney, Melvin Thompson, was ineffective.

The Respondent answered Hickman's petition by arguing that his claims are barred by the statute of limitations. The Respondent also contended that Hickman's affidavits fail to show that no reasonable juror would have convicted him in the light of this evidence. To the extent that Hickman asked for DNA testing, the Respondent maintained that such a request had to be made through a lawsuit under 42 U.S.C. §1983 rather than a habeas corpus petition.

Hickman argued in reply that his affidavits "patently establish" his innocence, the DNA results would have been exculpatory, he would not have pleaded guilty had he known that DNA evidence existed and had been tested, and "fundamental fairness" requires that his motion for DNA testing be entertained. He also asserted that his guilty plea was involuntary because he was assured by counsel that he would be "speedily released and returned to his children."

An evidentiary hearing was held by the state court, which made extensive findings of fact. These included findings that counsel was a credible witness and Hickman was not. The state habeas corpus also found that Ken and Aubrey, who testified at the hearing, were not credible; Ryan did not testify because he was in jail in Cherokee County at the time the hearing was conducted.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed based on the expiration of the statute of limitations. The Magistrate Judge observed that under McQuiggin v. Perkins, 133 S.Ct. 1924, 1928 (2013), a claim of actual innocence can, if proven, serve as a gateway past an impediment through which a petitioner may pass, whether this impediment is a procedural bar or the statute of limitations. However, such a claim of actual innocence must involve "new reliable evidence," such as exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence not presented at trial. Schlup v. Delo, 513 U.S. 298, 324, 115 S.Ct. 851, 865 (1995). While Hickman presented three affidavits, the state habeas court found that the two affiants who testified were not credible, and this finding is entitled to a

presumption of correctness. In addition, the Magistrate Judge determined that the affidavits did not show that in light of that new evidence, no reasonable juror could have voted to find Hickman guilty.

With regard to the issue of DNA testing, the Magistrate Judge stated Hickman's speculation that DNA testing would have proven his innocence did not satisfy the McQuiggin standard, and that in any event, if the samples had been tested and no DNA was found, this would not have shown that Hickman did not sexually assault the victim, Caitlin. The Magistrate Judge observed that one non-recanting eyewitness gave a statement to the effect that Hickman was "thrusting his penis into her," which would support a conviction for sexual assault regardless of DNA. Finally, the Magistrate Judge concluded that Hickman failed to show any entitlement to equitable tolling of the statute of limitations.

In his objections, Hickman states that the case is predicated on the testimony of a single witness, Sarah, the other girl at the party, whom he says "admitted her testimony was aimed at protecting her friends, that she did not want to get them in trouble, and that the group agreed to blame the incident on the uncle [Hickman]." He claims that under "strict scrutiny," her testimony "lacks sufficient credibility to comport with evidentiary reliability to establish the offense." He cites Texas law saying that a guilty plea is not a bar to having a claim reconsidered on the grounds of actual innocence based on evidence that was unavailable at the time of the plea and says that the evidence of his innocence, in the form of the recanting affidavits from three witnesses, outweighs the testimony of the sole state's witness whose testimony he describes as "clearly non-credible."

Hickman goes on to argue that McQuiggin stands for the proposition that "due diligence," "procedural error," and the provisions of the AEDPA do not circumvent claims of actual innocence, and that due process and the interests of justice warrant an evidentiary hearing, as well as an order for DNA testing.

Hickman's contention that the State's case was predicated solely on Sarah's testimony overlooks the fact that he entered a plea of guilty. The Fifth Circuit has held that a guilty plea is more than a mere confession; it is an admission that the defendant committed the charged offense.

Taylor v. Whitley, 933 F.2d 325, 327 (5th Cir. 1991), *citing* North Carolina v. Alford, 400 U.S. 25, 32 (1970).

In any event, the issue identified by the Magistrate Judge did not concern the sufficiency of the evidence to support Hickman's conviction, but whether his petition is barred by the statute of limitations. In order to overcome the limitations bar, Hickman must set forth a showing of actual innocence sufficient to persuade the district court that in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt. McQuiggin, 133 S.Ct, at 1928. The evidence presented by Hickman manifestly falls short of this standard.

Hickman's objections do not address the fact that the state habeas court found that he, Ken, and Aubrey were not credible. While he makes the conclusory assertion in his reply to the answer that the recanting affidavits "patently establish" his innocence, Hickman's objections do not allude to the Magistrate Judge's determination that these affidavits were neither reliable nor credible. The Magistrate Judge observed that neither Ken nor Ryan stated that they were watching Hickman the entire time he was in the apartment, and while Aubrey said that he was with Hickman continuously, this was not "newly discovered evidence" because Hickman would have known that Aubrey was with him the whole time.

The Supreme Court has cautioned that tenable actual-innocence gateway claims are "rare," noting that the standard is "demanding" and "seldom met." McQuiggin, 133 S.Ct. at 1928; *see also* House v. Bell, 547 U.S. 518, 538, 126 S.Ct. 2064, 2078 (2006) (describing the standard as requiring a showing that it was more likely than not that any reasonable juror would have reasonable doubt). A review of the affidavits proffered by Hickman makes clear that he has not met this standard, particularly in light of the credibility findings of the state habeas court. Thus, Hickman cannot pass through the gateway of actual innocence, and his claims are barred by the statute of limitations.

Hickman also seeks DNA testing, arguing that it would prove his innocence. The Magistrate Judge correctly stated that a request for DNA testing must be made in a lawsuit under 42 U.S.C. §1983, not a habeas corpus petition. Skinner v. Switzer, 131 S.Ct. 1289, 1293 (2011).

In addition, the Magistrate Judge stated that a habeas corpus petitioner has the burden of showing what results the scientific test would have yielded and that these results would have been favorable to him. Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002). Hickman has made no such showing; he simply speculates that these results would have been favorable. He does not address the Magistrate Judge's determination that in light of the other evidence, including eyewitness testimony, even a scientific analysis showing no DNA from Hickman would not prove that he was innocent of the charge of sexual assault. *See, e.g.*, Rivera v. State, 89 S.W.3d 55, 60 n.20 (Tex.Crim.App. 2002) (noting that the absence of appellant's DNA would not prove innocence because "it could simply mean that none was deposited"). Nor does Hickman address the Magistrate Judge's conclusion that he is not entitled to equitable tolling of the limitations period. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and the Report of the Magistrate Judge (docket no. 16) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. The dismissal of this petition shall not prevent Hickman from seeking such DNA testing as may be available, under Texas Code Crim. Pro. art. 64.01 or in a lawsuit under 42 U.S.C. §1983. It is further

ORDERED that the Petitioner Dudley Hickman is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 22nd day of January, 2015.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**